UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROLAND ALEXIS WHITE, II #100767/369939   CIVIL ACTION NO. 17-cv-1151

VERSUS                                                            CHIEF JUDGE HICKS

ROBERT WYCHE                                          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Roland Alexis White, II ("Petitioner") was arrested in Caddo Parish and charged with several drug and firearm crimes in state court. The judge set bail on seven charges in amounts ranging from $5,000 to $15,000. Petitioner filed a motion to reduce bond or be released on his own recognizance. The trial court denied the motion, and the state appellate courts declined to grant relief.

Petitioner now seeks federal habeas corpus relief with respect to the amount of his bail. A review of the record shows that (1) Petitioner did not exhaust state court remedies with respect to a federal claim, (2) the excessive bail claim lacks merit, and (3) the petition is potentially moot because Petitioner has since been released on bail. For the reasons that follow, it is recommended that his petition be denied.

### Relevant Facts

A sheriff's deputy testified at a preliminary hearing that the cleaning staff at a motel entered a room to do a standard cleaning and found a large amount of marijuana. Police responded to the hotel and learned that Petitioner had the room booked for the next 20 days.

The officers saw the marijuana in plain view, cleared the room, and obtained a search warrant. They executed the warrant and seized marijuana, scales, ammunition, cash, synthetic urine, and ecstasy from the room. They also found documents from the Office of Motor Vehicles and items of mail that had Petitioner's name on them.

The motel staff reported that Petitioner could be found at the Diesel Driving Academy. The deputy testified that officers found Petitioner's vehicle parked at the academy. They saw two guns on the floorboard in plain view. They found a leather bag under the back seat, and it contained methamphetamine, ecstasy, ammunition, scales, marijuana, and Xanax. Petitioner admitted to purchasing the weapons and said that he had been driving the vehicle for a couple of months.

Petitioner refused the appointment of counsel and elected to represent himself. He filed a number of motions, including a motion to reduce bond. Tr. 17. The judge took up the motion at the preliminary examination. Petitioner argued that he was not a flight risk, did not present a risk of danger to anyone, and was willing to undergo pretrial drug screening. He said that he had worked as a tax preparer for Liberty Tax, and he enrolled at the driving academy after tax season ended. He said that he would have finished the course in four weeks and obtained a job that paid $80,000 a year had he not been arrested. Petitioner complained about his conditions of confinement at the local jail and argued that some of the police searches were unlawful. Tr. 105-110.

The prosecutor responded that Petitioner's criminal history suggested he was a danger to society. He had a previous conviction of negligent homicide and two or three prior convictions for possession of marijuana. He was facing two firearms charges.

Petitioner was adamant that he was not a danger to society based on the negligent homicide conviction because it had been an accidental killing of his cousin. He contended that he was "still allowed to purchase a weapon" and had owned a weapon despite the felony conviction for the negligent homicide of his cousin. The judge stated: "Okay. I agree with the State. Denied." Tr. 106-12.

Petitioner filed a writ application with the state appellate court. The court noted that Petitioner was seeking review of the trial court's denial of his motion to reduce bond and denied the writ, stating, "On the showing made, this Court's supervisory jurisdiction is not warranted." Tr. 232. The Supreme Court of Louisiana denied a writ application without comment. Tr. 352.

**Standard of Review**

Most habeas petitions by state prisoners are presented pursuant to 28 U.S.C. § 2254, which obligates the federal court to afford a great deal of deference to a state court adjudication. § 2254(d)(1). But the petitioner here is proceeding as a pretrial detainee with a petition governed by Section 2241. That statute does not contain a standard of review, but the Fifth Circuit and several other circuit courts have held that Section 2254(d) deference never applies to habeas petitions brought by pretrial detainees under Section 2241. Martinez v. Caldwell, 644 F.3rd 238, 242 (5th Cir. 2011); Christian v. Wellington, 739 F.3rd 294, 298 (6th Cir. 2014) (agreeing with the First, Fifth, Ninth, and Tenth Circuits on the issue).

The Fifth Circuit has recognized in a Section 2241 challenge that the Eighth Amendment's prohibition of excessive bail is binding on the states. Simon v. Woodson,

454 F.2d 161, 165 (5th Cir. 1972). The Supreme Court has said that the determination of whether bail is excessive involves an assessment of whether the amount fixed is reasonably calculated to assure the presence of the accused at trial. Stack v. Boyle, 72 S.Ct. 1 (1951). "Thus, the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the sate judge has acted *arbitrarily* in setting that bail." Simon, 454 F.2d at 165. See also US ex rel. Garcia v. O'Grady, 812 F.2d 347, 355 (7th Cir. 1987); Jackson v. Circuit Court of Cook County, 2018 WL 6435654, *3 (N.D. Ill. 2018). The Fifth Circuit stated that any other rule would commit the federal courts to the burdensome task of setting bail de novo in a host of criminal cases and, even worse, effect an unwarranted encroachment on the prerogatives of the states in administering their criminal justice system. Id.

**Failure to Exhaust a Federal Claim**

Section 2241 does not have an exhaustion requirement in the statutory language, but case law has developed that "although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson v. State of La., 816 F.2d 220, 225 (5th Cir. 1987). The doctrine was "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Id.

The exhaustion doctrine, well-developed in the context of Section 2254 claims, requires that a prisoner must fairly present his federal claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting the state courts to the federal nature of the claim. O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999). The State concedes that Petitioner has filed a petition through the state's highest court, but it argues that Petitioner failed to properly exhaust a federal claim. The federal habeas court does not review alleged errors of state law. It may grant relief only for violations of the federal constitution, so one aspect of exhaustion requires that the claim be presented to the state court within a federal constitutional framework. Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011), citing Baldwin v. Reese, 124 S.Ct. 1347 (2004). The determination of whether the claim was presented in such a fashion is made by looking to the briefs filed in state court. Smith v. Digmon, 98 S.Ct. 597 (1978); Soffar v. Dretke, 368 F.3d 441, 467 (5th Cir. 2004).

Petitioner's motion to reduce bond filed in the trial court did invoke the Eighth Amendment's excessive bail clause and the Fourteenth Amendment's due process clause. Tr. 17-19. But Petitioner's writ application to the appellate court cited only Louisiana statutes, code articles, and constitutional provisions. He argued that the evidence did not present clear and convincing evidence that he was a "danger risk" and that the State had falsely labeled him a violent offender. Tr. 147-52. Petitioner's application to the Supreme Court of Louisiana also relied on state law. It argued that the trial court did not weigh factors for determining an appropriate bail and that the State's only evidence was false. He urged that the "Louisiana Constitution and statutes" provided guidelines for bail that should

have resulted in a reduction. Petitioner did cite <u>Stack v. Boyle</u>, a federal decision, but only for the general proposition that denial of the right to bail undermines the presumption of innocence. All of his substantive arguments invoked provisions of the Louisiana Code of Criminal Procedure and other state laws. Tr. 332-38.

The briefs do not demonstrate that Petitioner properly exhausted a federal claim by presenting an Eighth Amendment or other bail-related federal claim at each level of the state court system. Thus, he did not afford the state courts a fair opportunity to correct the Eighth Amendment claim that he now asks this court to decide. For this court to take up the issue without proper exhaustion would be an undue intrusion on the state court system, so the petition should be denied for failure to exhaust state court remedies with respect to a federal claim.

**The Merits**

In the alternative, the petition lacks merit. The state court was faced with charges regarding the illegal possession of a variety of drugs, some in significant quantities, along with scales and other items that suggested intent to distribute. Petitioner also faced charges related to firearms that were found in association with suspected drug distribution and in the admitted possession of a convicted felon. The court set bail in amounts ranging from $5,000 to $15,000, for a total of $70,000 on all counts.

The amounts set by the state court appear to be reasonable under the circumstances and certainly cannot be described as so arbitrary as to warrant federal court interference. It appears that the heart of Petitioner's dispute is his disagreement with the prosecutor's characterization of him as a violent offender based on his negligent homicide conviction.

He returns to this point over and over in his filings. That was a brief comment offered by the prosecutor, but the trial court judge did not necessarily adopt that assertion, and it was not necessary for her to make such a finding to set bail as it was and deny the motion for reduction. Petitioner is not entitled to relief from his bail obligation under Section 2241.

**Potential Mootness**

Petitioner recently notified the court of a change of address to what appears to be a private address rather than a jail. A check with the Caddo Parish Clerk of Court indicates that Petitioner is now out of custody, having been released on bail of some form. That may mean that his petition is moot, but it has been fully addressed in the event Petitioner's bail should be revoked or the issue otherwise be kept alive.

Accordingly,

It is recommended that Petitioner's Petition for Writ of Habeas Corpus be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar

that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of February, 2019.

_____
Mark L. Hornsby
U.S. Magistrate Judge